IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JABAR ARKEZ FAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-cv-10-ECM |
| | ) | [WO] |
| PROTECTIVE LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**INTRODUCTION**

*Pro se* Plaintiff Jabar Arkez Fair ("Fair") brings this action against Defendant Protective Life Insurance Company ("Protective Life") arising out of Protective Life's denial of benefits under a life insurance policy insuring Fair's late mother, asserting claims pursuant to 42 U.S.C. § 1981 and Alabama state law. (Doc. 1; doc. 15 (operative complaint)). Fair purports to sue Protective Life both individually as beneficiary of the life insurance policy and on behalf of his mother's estate. On May 28, 2026, the Magistrate Judge recommended that Protective Life's motion to dismiss (doc. 19) be granted and that Fair's motion to dismiss the estate claim (doc. 26) be denied as moot. (Doc. 27). Fair timely filed objections to the Recommendation. (Doc. 28). Also before the Court is Fair's request to "cure" the issue with his bankruptcy disclosures, which has been construed as a motion. (*Id.* at 7). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Fair's objections, the Court concludes that Fair's objections

are due to be overruled, and the Recommendation of the Magistrate Judge is due to be adopted.

**LEGAL STANDARD**

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

[1] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court recognizes these cases are nonprecedential, the Court finds them persuasive.

## DISCUSSION

The Magistrate Judge recommends that Protective Life's motion to dismiss be granted on the ground that judicial estoppel bars this action because Fair did not disclose his potential claims against Protective Life in his Chapter 13 bankruptcy proceedings.[2] Fair objects to the Magistrate Judge's conclusion that Fair's nondisclosure of the claims in bankruptcy was intended to make a mockery of the judicial system, and many of Fair's specific objections relate to his overarching objection to this conclusion. The Court begins with Objections 1, 2, 3, 4, 5, and 7, all of which rest (at least in part) on Fair's arguments that he did not know that he, in his capacity as beneficiary of the life insurance policy, had a viable or mature claim against Protective Life on October 2, 2025, which is when he filed his amended schedules in his bankruptcy case; and that the Recommendation erroneously failed to distinguish between Fair's individual claims as beneficiary of the life insurance policy and the claims on behalf of his mother's estate.

Regarding Fair's second argument concerning the distinction between Fair's individual claims and the estate's claims, the Court observes that Fair did not present this argument to the Magistrate Judge. "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). The Court discerns no compelling reason why Fair did not present this argument to the Magistrate Judge,

---

[2] Fair's bankruptcy case is pending in the United States Bankruptcy Court for the Middle District of Alabama, Case No. 25-80753.

especially given that he is proceeding in this case both individually and on behalf of his mother's estate. Nonetheless, the Court in its discretion will consider Fair's argument.

Upon *de novo* review, the Court concludes that Objections 1, 2, 3, 4, 5, and 7 are due to be overruled. The relevant question on the bankruptcy schedule did not ask whether Fair had a "mature" legal claim: instead, it asked him to list "[c]laims against third parties, *whether or not [he] [has] filed a lawsuit or made a demand for payment*." (Doc. 18 at 6 in *In re: Arkez Fair*, Case No. 25-80753 (Bankr. M.D. Ala. Oct. 2, 2025) (emphasis added)). It further listed the following examples: "Accidents, employment disputes, *insurance claims*, or rights to sue." (*Id.*).[3] The language of the question "directly rebuts [Fair's] argument that his [nondisclosure] should be excused because he did not know that he had to disclose unfiled [or not yet matured] claims" *See Henderson v. Franklin*, 782 F. App'x 866, 872 (11th Cir. 2019) (per curiam).

Additionally, in the operative complaint, Fair alleged that after his mother died in 2022, he submitted a claim for the $100,000 death benefit, and that between 2022 and 2025, he "sent multiple written demands and appeal to [Protective Life] requesting payment and/or ethical resolution." (Doc. 15 at 5). Among these multiple written demands, on June 10, 2025, Fair tendered to Protective Life a written appeal of the denial of the life insurance claim, and Fair signed it as the policy's beneficiary. (*Id.* at 6; doc. 1-4 (incorporated by

[3] The Court also finds noteworthy that the preceding question on the bankruptcy schedule asked Fair to list "[a]ny interest in property that is due [him] from someone who has died." (Doc. 18 at 6 in *In re: Arkez Fair*, Case No. 25-80753 (Bankr. M.D. Ala. Oct. 2, 2025) ("If you are the beneficiary of a living trust, *expect proceeds from a life insurance policy*, or are currently entitled to receive property from someone who has died." (emphasis added)). Fair checked the box "No." (*Id.*).

reference into operative complaint)). Based on Fair's own allegations and submissions, he made multiple demands to Protective Life for payment of the death benefit before October 2, 2025. And even accepting for argument's sake Fair's contention that he was not aware of the facts supporting his individual fraud claim until the end of December 2025, and assuming that this lack of awareness would excuse his nondisclosure of the claims against Protective Life on October 2, 2025, Fair still did not amend his bankruptcy schedules in December 2025 or at any time after filing this lawsuit on January 6, 2026. In the Eleventh Circuit, a Chapter 13 debtor like Fair has a "statutory duty to amend [his] schedule of assets to reflect [his] claims against" a defendant in a later civil suit, even where the claims arose after the bankruptcy plan was confirmed. *See Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010). Instead, Fair waited until Protective Life sought dismissal of this case and invoked judicial estoppel before he even offered to cure the nondisclosure in bankruptcy. Considering all the facts and circumstances, this Court finds, as the Magistrate Judge did, that Fair's nondisclosure of the claim against Protective Life in his bankruptcy proceedings was intended to make a mockery of the judicial system. Consequently, Objections 1, 2, 3, 4, 5, and 7 are due to be overruled.

In Objection 6, Fair objects to the Magistrate Judge's finding that Fair did not tell his bankruptcy counsel about his claims against Protective Life until March 30, 2026. Fair asserts that he first informed his bankruptcy counsel about the claims "in or around January 2026," (doc. 28 at 6), and in support, he attaches a declaration swearing to this fact under penalty of perjury, (*id.* at 11, para. 13). According to Fair, his earlier communication with

bankruptcy counsel regarding the claims demonstrates that he did not intend to make a mockery of the judicial system but instead reasonably relied on his bankruptcy counsel to take appropriate action. These facts and arguments were not presented to the Magistrate Judge. As explained above, this Court "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams*, 557 F.3d at 1292. Indeed, requiring "a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (citation omitted). Even if the Court were to consider Fair's belated argument and evidence, it would not change the Court's conclusion that his nondisclosure was intended to make a mockery of the judicial system because on this record, Fair should have informed his bankruptcy counsel before January 2026 of the potential claims against Protective Life. Therefore, this objection is due to be overruled.

In Objection 8, Fair requests an opportunity to cure the bankruptcy nondisclosure and to file an amended schedule. Relatedly, in Objection 9, he argues that dismissal is too drastic a remedy and that a lesser sanction is warranted, such as allowing him to amend his bankruptcy schedules. But allowing Fair to amend his bankruptcy filings now, "only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002), *overruled on other grounds by Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017) (en banc). The Court rejects

such a "remedy" because it would "diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets." *Id.* Based on the Court's finding that Fair's nondisclosure of the claims against Protective Life was intended to make a mockery of the judicial system, and the unchallenged finding that Fair took a position under oath in the bankruptcy proceeding that was inconsistent with his pursuit of this case, the Court concludes that judicial estoppel bars this suit, and that Fair's individual claims against Protective Life are due to be dismissed. For these reasons, these objections are due to be overruled.

Finally, in Objection 10, Fair contends that, if this Court denies Protective Life's motion to dismiss, then his motion to dismiss the estate claims should not be denied as moot. For the reasons explained above, the Court finds that Protective Life's motion to dismiss is due to be granted. Therefore, Fair's motion to dismiss the estate claims is due to be denied as moot. Consequently, this objection is due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. Fair's construed motion (doc. 28) is DENIED;
2. Fair's objections (doc. 28) are OVERRULED;
3. The Recommendation of the Magistrate Judge (doc. 27) is ADOPTED;
4. Protective Life's motion to dismiss (doc. 19) is GRANTED as follows:
    a. Fair's claims asserted as beneficiary of the life insurance policy are DISMISSED WITH PREJUDICE;

b. Fair's claims asserted on behalf of the estate are DISMISSED WITHOUT PREJUDICE;

5. Fair's motion to dismiss the estate claims (doc. 26) is DENIED as moot;

6. All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 23rd day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE